Fourth Appellate Department, September, 1899. Reported. 43 App. Div. 623.

HENRY H. LYMAN, as State Commissioner of Excise, Respondent, against NORRIS GRIFFIN, and American Bonding and Trust Company, Appellants.

This is an appeal from an order setting aside a verdict in favor of defendants and granting a new trial with ten dollars costs against defendants.

*Ernest I. White,* attorney for appellant.

This action, if not penal, is of a penal character, since, previous to the bringing of this civil action, the defendant must have been guilty of a breach of the Liquor Tax Law, which breach was a misdemeanor. In penal actions and those of a kindred character the court will not grant a new trial or disturb a verdict of a jury unless some misdirection has been given or error of law has been committed. For error of judgment in jury in weighing the evidence where verdict is for defendant, the court will not grant a new trial. Decker v. Stauring, 57 Howard 495; Wheeler v. Calkins, 17 How. 451; Overseers of Poor of Rochester v. Lunt, 18 Wend. 565; Comfort v. Thompson, 10

Johns. 101; Sawyer v. Smith, 1 Denio 207, 22 Barb. 528. The same rule applies where verdict is for defendant in action for libel, slander and also assault and battery. Rundell v. Butler, 10 Wend. 119; Hurtin v. Hopkins, 9 Johns. 37; Chase v. Bassett, 15 Abb. Practice N. S. 293. The theory is that by the grant of an order for a new trial, the defendant will be put in jeopardy a second time in respect of the penalty. The verdict was not contrary to the evidence; there was sufficient evidence for the jury to find for defendant; and no question can be raised by plaintiff as to the verdict being contrary to law, for the reason that there are no exceptions taken in the plaintiff's case and if any error of law was made it was to advantage of plaintiff. This is a quasi criminal action and plaintiff must prove his case beyond a reasonable doubt. It was improper to assess costs in favor of plaintiff on granting his motion to set aside verdict. Costs should have been assessed against plaintiff. Overing v. Russell, 28 How. 151; Jackson v. Thurston, 3 Cow. 342; Bank of Utica v. Ives, 17 Wend. 501; Ward v. Woodburn, 27 Barb. 354; East River Bank v. Hoyt, 22 How. Pr. 478.

*Mead & Stranahan,* attorneys for respondent.

The verdict was so clearly against the weight of evidence as to furnish proof that the jury was influenced by prejudice. The trial justice had the right, and it was his duty, to set the verdict aside if clearly against the weight of evidence although a motion for a direction of a verdict made at the close of the case on behalf of the plaintiff had been properly denied. Mulligan v. N. Y. C. & H. R. R. R. Co., 11 N. Y. Supp. 457. Even if the conflict of testimony require that case be sent to jury in first instance, still the court would be justified in setting aside the verdict and ordering a new trial if justice seems to require it. Suhrada v. Third Avenue R. R. Co., 14 App. Div. 363. Where there is no evidence upon an issue, or the weight of evidence is so decidedly preponderating in favor of one side, it is the duty of the trial judge to non-suit or direct a verdict as the case may require. Improvement Co. v. Munson, 14 Wall. 442; Linkhauf et al. v. Lombard et al., 137 N. Y. 425; Hemmans v. Nelson, 138 N. Y. 529-530. This was an action upon a contract, and is in no wise of a criminal or quasi criminal nature. Lyman v. Gramercy Club, 28 App. Div. 30. It was imma-

terial to the issue whether the violation was committed with or without the knowledge of defendant Griffin. Smith v. Reynolds, 8 Hun, 129; Overseers of Poor v. Hall, 20 Weekly Digest 33; Amerman v. Kall, 34 Hun, 126; Lee v. Village of Sandy Hill, 40 N. Y. 448; Story on Agency, p. 563. The granting of costs on the motion was discretionary with trial court, but, if not, the order can be properly modified by this court.

Order modified by striking out the item of ten dollars costs, and as thus modified affirmed, without costs of this appeal to either party. All concurred. McLENNAN, J., not sitting.

Fourth Appellate Department, September, 1899. Reported. 43 App. Div. 623.